**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CARRIE MARTIN,

    Plaintiff,                                                            Case No. 1:19-cv-952

v.

LOCAL DATA RECOVERY L.L.C.,

    Defendant.

_____/

## **COMPLAINT**

The Plaintiff, Carrie Martin ("Plaintiff"), hereby sues the Defendant, Local Data Recovery L.L.C. ("Defendant"), and alleges:

### *Parties, Jurisdiction and Venue*

1.      Plaintiff is an individual and a resident of Washington, D.C.

2.      Defendant is a foreign corporation with its principal place of business in Morrow, Georgia.

3.      This is an action brought pursuant to 15 U.S.C. 1692k. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4.      This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## *Common Facts*

7. Defendant was engaged as a debt collector to collect a credit card debt (the "Alleged Debt") from the Plaintiff that was incurred for personal and household purposes.

8. The Alleged Debt went into default in 2011. Thus, it is well-outside of the statute of limitations period and cannot be the subject of a legal action.

9. Defendant has called Plaintiff multiple times in an attempt to collect the Alleged Debt.

10. Defendant caused the Plaintiff's telephone to ring repeatedly and continuously with intent to annoy, abuse, and harass the Plaintiff. Defendant called Plaintiff 2-3 times a day every day for the past several years. The Defendant has often called Plaintiff multiple times in immediate succession, with multiple calls being placed one right after the other.

11. Plaintiff has explained to Defendant that Plaintiff is on disability and has no ability to pay the Alleged Debt. Plaintiff has repeatedly demanded that Defendant stop calling her, but Defendant ignored these demands and continued to call Plaintiff.

12. During these calls, including Defendant's first telephone call to Defendant which was the first communication from Defendant to Plaintiff, the Defendant did not identify itself, did not disclose that it was as a debt collector, did not disclose that Defendant was attempting to collect a debt, and did not disclose that any information obtained would be used for that purpose.

13. During these calls, the Defendant used a name that is not the true name of the Defendant's business. Specifically, the Defendant used the name "LDR Group", which is not the true name of Defendant's business.

14. During each of the calls made by the Defendant to Plaintiff, the Defendant demanded money from Plaintiff but did not disclose the name and full business address of the person to whom the Alleged Debt had been assigned for collection or to whom the Alleged Debt was owed.

15. During these calls, the Defendant falsely threatened to file a legal action against Plaintiff and also implied that it had already filed a legal action against Plaintiff. For example, Defendant made the following statements to Plaintiff: "We are going to start filing papers against you to go to Court", "We'll be serving you with papers," and "We are processing the papers now." At the time that Defendant made these statements, Defendant had not filed a lawsuit against Plaintiff and had no legal right to file a lawsuit against Plaintiff because the Alleged Debt is far outside of the statute of limitations.

16. Defendant placed all of these calls to Plaintiff with the intent to harass and threaten Plaintiff.

17. Defendant directed the above-described phone calls to Plaintiff in the District of Columbia, and Plaintiff received the calls in the District of Columbia.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff incorporates and realleges paragraphs 1 through 17 as if stated fully herein.

19. The conduct of Defendant constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

20. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Carrie Martin, hereby demands judgment against the Defendant, Local Data Recovery L.L.C., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT II – VIOLATION OF THE
### DISTRICT OF COLUMBIA DEBT COLLECTION LAW

21. Plaintiff incorporates and realleges paragraphs 1 through 17 as if stated fully herein.

22. This claim is brought pursuant to Section 28-3813 of the District of Columbia Statutes.

23. The conduct of Defendant constituted violations of Section 28-3814 of the District of Columbia Statutes.

24. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Carrie Martin, hereby demands judgment against the Defendant, Local Data Recovery L.L.C., for actual damages, statutory damages as permitted by Section 28-3813(d) of the District of Columbia Statutes, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3) and Section 28-3813(e) of the District of Columbia Statutes, Plaintiff Carrie Martin hereby demands an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Carrie Martin hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: April 3, 2019.                              Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
District of Columbia Bar No. 1032208
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,
Carrie Martin*